UNITED STATES DISTRICT COURT　　CLERK USDC EDWI
EASTERN DISTRICT OF WISCONSIN　　FILED

2022 FEB -1 P 1:18

UNITED STATES OF AMERICA,

    Plaintiff,

v.　　　　　　　　　　　　　　　　Case No. 22-CR-22-CR-30

CHAD M. SCHAMPERS,　　　　　　　[18 U.S.C. §§ 1343, 1344(2), and
NATHANIEL R. SMITH,　　　　　　　1349]
GINA L. SCHAMPERS, and
JEFFREY M. O'BRIEN,

    Defendants.

## INDICTMENT

### COUNT ONE
(Conspiracy to Commit Wire and Bank Fraud)

**THE GRAND JURY CHARGES THAT:**

1. Beginning in 2018 and continuing through at least October 2019, in the State and Eastern District of Wisconsin and elsewhere,

**CHAD M. SCHAMPERS,
NATHANIEL R. SMITH,
GINA L. SCHAMPERS, and
JEFFREY M. O'BRIEN**

knowingly conspired with each other and persons known and unknown to the grand jury to defraud homeowners, financial institutions, and others by means of interstate wire communications, and by concealing material facts from federally insured financial institutions, in violation of Title 18, United States Code, Sections 1343, 1344(2), and 1349.

2. At all times material to this indictment:

    a. The above-named defendants operated, directed, supervised, and worked

1

at a home remodeling business in the Eastern District of Wisconsin operating under the name Summit Contracting, Inc. ("Summit").

      b.      Summit utilized EnerBank USA ("EnerBank") and Green Sky, Inc. ("GreenSky"), which are third parties who offer home improvement loans funded by a variety of participating financial institution lenders. The lenders who ultimately provided funds to Summit's customers are each a "financial institution" within the meaning of Title 18, United States Code, Section 20, and their deposits are insured by the Federal Deposit Insurance Corporation.

      c.      EnerBank's corporate offices are located in Salt Lake City, Utah.

      d.      GreenSky's corporate offices are located in Atlanta, Georgia.

### Purpose, Manner & Means of the Conspiracy

3.      The purpose of the conspiracy was to carry out a scheme to defraud and obtain money from home improvement customers using materially false and fraudulent pretenses, representations, and concealments, essentially as follows:

      a.      Chad M. Schampers, Nathaniel R. Smith, Gina L. Schampers, Jeffrey O'Brien, and others working at their direction sought out home improvement customer leads via television advertisements, promotional booths at local sporting events, home improvement shows, and internet-based advertisements.

      b.      Chad M. Schampers, Nathaniel R. Smith, Gina L. Schampers, Jeffrey O'Brien, and others working at their direction scheduled sales appointments in prospective customers' home. Sales representatives, working at the direction of the defendants, utilized high pressure, deceptive tactics, and false statements to induce prospective customers to retain Summit for their home improvement project.

c. The defendants and others working at their direction pressured prospective customers to finance their projects with Summit, using Summit's chosen financial institutions, EnerBank and GreenSky.

d. At the defendants' direction, Summit sales representatives induced customers to apply for financing by misrepresenting the terms of the financing being offered.

e. Summit sales representatives utilized electronic devices and tablets to immediately process, at the sales meeting, via the interstate wires, financing applications with EnerBank and GreenSky, and encouraged applicants to misrepresent their annual income to ensure approval of the loan.

f. Contrary to the terms of the agreements between Summit, Enerbank, GreenSky, and the customers, Chad M. Schampers, Nathaniel R. Smith, Gina L. Schampers, and others withdrew funds from customer's financing accounts prior to beginning any work and ordering the necessary building materials.

g. Summit sales representatives repeatedly misled customers and prospective customers as to the nature of the paperwork they were signing. At times, customers were fraudulently induced into signing paperwork acknowledging that Summit's work on a project was completed within hours after the sales representative met the customer for the initial sales pitch.

h. Summit sales representatives falsely told customers and potential customers that Summit did not use subcontractors when, in fact, a majority of Summit's work was performed by subcontractors.

4. As a result of the defendants' actions, they wrongfully obtained and attempted to obtain more than $1,500,000.

3

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO – TEN
(Wire Fraud)

**THE GRAND JURY FURTHER CHARGES THAT:**

5. On or about the below-listed dates, in the State and Eastern District of Wisconsin and elsewhere,

**CHAD M. SCHAMPERS,
NATHANIEL R. SMITH,
GINA L. SCHAMPERS, and
JEFFREY M. O'BRIEN,**

for the purpose of executing the scheme to defraud described in paragraphs 3 and 4, and with the intent to defraud knowingly caused to be transmitted in interstate commerce wire communications originating from the Eastern District of Wisconsin related to the recruitment of customers, financing of home improvement loans, and receiving payment of uncompleted and partially completed projects:

| Count | Contract Date | Customer | Repair(s) | Contract Amount |
|---|---|---|---|---|
| Two | January 14, 2019 | D.H. | Roof | $21,894 |
| Three | February 3, 2019 | S.K. & A.K. | Roof & Skylight | $14,072 |
| Four | February 12, 2019 | J.D. | Roof | $17,438 |
| Five | March 26, 2019 | T.M. | Roof | $12,578 |
| Six | April 5, 2019 | L.J. | Roof | $10,992.03 |
| Seven | April 11, 2019 | M.K. | Roof | $18,000 |
| Eight | April 18, 2019 | P.R. & A.R. | Chimney | $17,325 |
| Nine | April 19, 2019 | C.L. & F.M. | Roof | $62,968 |
| Ten | May 18, 2019 | C.B. | Roof & Windows | $40,652 |

Each in violation of Title 18, United States Code, Sections 1343 and 2(a).

# FORFEITURE NOTICE

1. Upon conviction of one or more of the offenses alleged in Counts One through Ten of this Indictment, the defendant shall forfeit to the United States, pursuant to 28 U.S.C. § 2461(c), 18 U.S.C. § 981(a)(1)(C), and 21 U.S.C. § 853, all property, real and personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offenses, including, but not limited to, the following:

A sum of money representing the amount of proceeds the defendant obtained as a result of his wire, mail, or financial institution fraud scheme.

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property, which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL:

FOREPERSON

Dated: 2/1/2022

RICHARD G. FROHLING
United States Attorney